**Milton C. CHARLES, Appellant,**

v.

**William N. BOWIE, Jr., as Trustee in Bankruptcy of American Aeronautics Corporation, Bankrupt, Appellee.**

**No. 15302.**

United States Court of Appeals
Ninth Circuit.

May 15, 1957.

Marvin Gross, Anthony T. Carsola, Beverly Hills, Cal., for appellant.

Haskell H. Grodberg, Los Angeles, Cal., for appellee.

Before MATHEWS, CHAMBERS and BARNES, Circuit Judges.

MATHEWS, Circuit Judge.

In the United States District Court for the Southern District of California, American Aeronautics Corporation, hereafter called American, was adjudged a bankrupt,[1] the case was referred to a referee, and appellee, William N. Bowie, Jr., was appointed trustee. Thereafter, on February 3, 1956, appellant, Milton C. Charles, a public accountant, filed with the referee a petition alleging that "on or about February 15, 1955, [American], in writing, and for a present and valuable consideration, assigned to [appellant] the sum of $4,-000 from a Federal income tax refund due from the Director of Internal Revenue;" that said income tax refund had been received by appellee "in an amount of approximately $9,600;" and that appellee had refused "to pay from said sum the amount of [appellant's] assignment."[2] The petition prayed (1) for an order requiring appellee to show cause why he should not be ordered to pay appellant $4,000 "from the proceeds of the Federal income tax refund in the possession of [appellee];" and (2) "for such other and further relief as to the court seems just."

Thereupon, on February 3, 1956, the referee issued an order requiring appellee to show cause on February 9, 1956, why he should not be ordered to pay appellant the $4,000 mentioned in the petition. On February 9, 1956, the referee conducted a hearing on the petition and order to show cause—a hearing in which appellant, appellant's counsel and appellee's counsel participated. At that hearing, appellant adduced evidence consisting of appellant's Exhibit No. 1, the testimony of appellant's witness, Gordon D. Strube, and the testimony of appel-

1. The record does not show when, how or by whom the bankruptcy proceeding was instituted or when the adjudication occurred.

2. So far as the record shows, appellant never filed any claim against American's estate nor any proof of any such claim. See §§ 57 and 63 of the Bankruptcy Act, 11 U.S.C.A. §§ 93 and 103, and Orders 20, 21 and 24 of the Orders in Bankruptcy, 11 U.S.C.A. following section 53.

lant himself. No evidence was adduced or offered by or for appellee.

Exhibit No. 1 was a letter from American to appellant dated February 15, 1955,[3] reading as follows: "Because of the fact that this corporation [American] appears to be entitled to a substantial income tax refund and has no monies with which to pay your fees [4] to do the necessary accounting and prepare and file the return[5] in order to obtain it, it is our [American's] wish to make some arrangement with you for payment of your services in connection with claim for refund. From estimates received from you, it would appear that this may take as much as forty hours or more in work to be performed by you, and you may consider this an assignment of whatever refund we receive as a result of your services to the extent of $4,000 for such services." Appellant's counsel, appellee's counsel, the referee and the District Court have called this letter an assignment. The record discloses no other assignment.

It appeared from appellant's testimony that, after receiving the letter of February 15, 1955, appellant worked for American two or three days, preparing a claim for an income tax refund,[6] and that appellant's services were reasonably worth $100 a day. There was no evidence that the claim prepared by appellant or any other claim for refund was ever filed by or for American or that any refund was ever received by American or by appellee.[7] However, on February 27, 1956, the referee ordered ap-

pellee to pay appellant $300. On petition of appellant, the District Court (Judge Peirson M. Hall presiding) reviewed the referee's order of February 27, 1956, and affirmed it on June 19, 1956. From the order of affirmance appellant has appealed.[8]

Appellant's brief does not contain a specification of errors.[9] It contains five so-called assignments of error, but none of them assigns, specifies or sets out any error. However, we have examined the record and, except as indicated below, have found no error.

As indicated above, appellant's petition of February 3, 1956, was based on an alleged assignment by American to appellant. It had no other basis. The record discloses no assignment other than the letter of February 15, 1955. That letter purported to assign to appellant (to the extent of $4,000) whatever income tax refund American might receive as a result of services performed by appellant after February 15, 1955. It did not assign or purport to assign anything else. There being no evidence that any income tax refund was ever received by American or by appellee, the referee erred in finding that such a refund was received by appellee[10] and in ordering appellee to pay appellant $300. There was no basis for ordering appellee to pay appellant $300 or any other sum.

Appellant was not prejudiced, but was benefited, by the referee's errors. He therefore had and has no right to complain of them. Appellee could have complained, but has not done so.[11]

3. The record does not show whether this was before or after the bankruptcy proceeding was instituted or before or after American was adjudged a bankrupt. See footnote 1.
4. The record does not show whether American was solvent or insolvent on February 15, 1955.
5. Probably meaning a claim for refund.
6. There was no evidence that appellant performed any other service for American after receiving the letter of February 15, 1955. There was evidence that appellant performed services for American before February 15, 1955. That, however, was immaterial, since the letter of February 15, 1955, referred only to services to be performed thereafter.

7. The referee found that appellee had received an income tax refund in an amount sufficient to pay $300 to appellant, but that finding was not supported by any evidence.
8. Appellee sought no review of the referee's order and took no appeal from the order affirming it.
9. Our Rule 18 (formerly Rule 20) requires every appellant's brief to contain "a specification of errors relied upon which shall be numbered and shall set out separately and particularly each error intended to be urged." 28 U.S.C.A.
10. See footnote 7.
11. See footnote 8.

The order appealed from is affirmed.

BARNES, Circuit Judge (concurring).

I concur in the opinion, but desire to add to it two short comments.

*First:* I do not overlook in the transcript a passing reference made by counsel for appellant at the time of the hearing before the referee to the effect that a refund "has been received and is in the possession of the Trustee in bankruptcy and he has refused to pay it over." This statement, in the absence of evidence or stipulation, does not prove the fact; nor can this Court accept it as a fact established by the record.

*Second:* Judge Mathews' opinion states that the assignment is prospective only, and that Charles cannot prevail. I agree. But I would meet the further point urged on the appeal—that the referee erred in refusing to consider parol evidence as to the true intent of the parties. The referee committed no error, because the language of the document needs no interpretation. The instrument is an integrated writing, and the parol evidence rule applies. Had the referee permitted the oral testimony to vary the clear terms of an integrated document, he would then have committed error.